UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00280-RJC-SCR

| | | |
|---|---|---|
| EASTERN WHOLESALE FENCE LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | ORDER |
| ADAM TUCKER and SOUTHERN FENCE AND GATE, Inc., | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on Defendants Adam Tucker and Southern Fence and Gate, Inc.'s Motion to Dismiss, (Doc. No. 17); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 23), recommending that Defendants' motion be granted in part and denied in part; Defendants' Objection to the M&R, (Doc. No. 24); and related pleadings. For the reasons explained below, the Court **ADOPTS** the M&R and **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss.

I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

1

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Likewise, merely reiterating the same arguments made in the pleadings or motion submitted to the Magistrate Judge does not warrant de novo review. *See United States v. Midgette*, 478 F.3d 616, 620–21 (4th Cir. 2007); *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom.*, *Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013).

The standard of review for a motion to dismiss is well known. "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." *Fed. Nat'l Mortg. Ass'n v. Quicksilver LLC*, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked

under Rule 12(b)(6) will survive if it contains enough factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An allegation is facially plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary, and the statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration omitted). Additionally, when ruling on a motion to dismiss, a court must "view the complaint in a light most favorable to the plaintiff," *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), accept the complaint's factual allegations as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and refrain from weighing the facts or assessing the evidence. *Potomac Conf. Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 768 (D. Md. 2014). Nonetheless, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), and though the Court views the facts in the light most favorable to the plaintiff, a complaint tendering "naked assertions devoid of further factual enhancement" cannot proceed. *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Defendants object to the M&R on grounds that it "does not address the crux of Defendants' arguments . . . that *no* set of facts could support Plaintiff's breach of contract claims because the restrictive covenants contained in the Employment Agreement are facially overbroad and unenforceable as a matter of law," (Doc. No. 24 at 1), and "to the extent that it does not consider or address Defendants' arguments with respect to the legal, not factual sufficiency of Plaintiff's breach of contract claims." (*Id.* at 1–2). Defendants also object "to the extent [that the M&R] recommends dismissal of Plaintiff's tortious interference with contract claim without prejudice . . . because the contract which was allegedly interfered with is unenforceable as a matter of law." (*Id.* at 2).

To the extent that Defendants restate arguments already presented to the Magistrate Judge or assert that the M&R fails to sufficiently acknowledge those arguments, de novo review is not required. *Orpiano*, 687 F.2d at 47. Nevertheless, having conducted a full review of the record, the Court hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.

### A. Breach of Contract Claim as to the Non-Compete Covenant

The Magistrate Judge found that Plaintiff has sufficiently alleged a breach of contract claim of the non-compete covenant. (Doc. No. 23 at 9–10). The parties do not dispute that South Carolina law governs the applicable employment agreement

4

based on its choice of law provision. (*Id.* at 7 (citing Doc. Nos. 1 ¶ 19; 1-1; 18 at 1; 20 at 4)). Despite Plaintiff's detailed factual allegations, Defendants urged dismissal on grounds that the non-compete covenant at issue is unreasonable and unenforceable under South Carolina law. (Doc. No. 23 at 10). Specifically, Defendants argued that the breach of contract claim on the basis of the non-compete covenant is unreasonable in scope, duly harsh and oppressive, and violates public policy, among other things. (*Id.* at 8 (citing Doc. No. 18 at 5–15)). The non-compete covenant states:

> [Defendant Tucker] shall not, directly or indirectly, own any interest in, manage, control, participate in (whether as an officer, director, manager, employee, salesman, consultant, partner, equity holder, member, agent, representative or otherwise), consult with, render services for, or in any other manner engage in any business engaged directly or indirectly, in any country, territory, province or state in which [Plaintiff] or any of its Subsidiaries operate or provide services or products (including by contracting with customers or suppliers, delivering products or performing service and support activities), in the business of [Plaintiff] or any of its Subsidiaries or any of their respective Affiliates as currently conducted or as will be conducted during the Restricted Period (including, without limitation, the business of (a) operating or providing services or products related to the manufacture, remanufacture, fabrication, distribution, sale, resale, trade, extruding, or brokerage of fencing, railing or related products, or (b) operating or providing services or products that are developed, marketed, sold, or provided, or planned to be developed, marketed, sold, or provided, by [Plaintiff] or any of its Subsidiaries), or any other business that is competitive to, or provides services similar to those of, [Plaintiff] or any of its Subsidiaries; provided, however, that a minority ownership interest of not more than 5% of the outstanding equity of a publicly traded company's common stock shall not be deemed a violation of this Section 7(b).

(Doc. No. 23 at 9 (citing Doc. Nos. 1 ¶ 43 & 1-1 at 10 ¶ 7(b))). The Magistrate Judge dismissed Defendants' argument as premature and concluded that further factual

5

development was needed to evaluate the non-compete covenant's enforceability. (Doc. No. 23 at 10 (citing *Chapman v. Blue Cross Blue Shield of S.C.*, No. 3:15-cv-710-TLW, 2015 WL 13158310 (D.S.C. July 28, 2015) (rejecting similar argument that a non-compete clause is unenforceable as "premature" and "further factual development is needed before a determination as to the validity of the [n]on-[c]ompete [c]lause can be made."); *LPS Servs, Inc. v. Pivot Parking, LLC*, 6:21-cv-00532-JD, 2021 WL 5991057 (D.S.C. Aug. 23, 2021) (similarly denying motion to dismiss despite defendant's arguments as to unenforceability); *Industrial Packaging Supplies, Inc., v. Davidson*, C/A No. 6:18-0651-TMC, 2018 WL 10456201 (D.S.C. June 22, 2018) (same))). The Magistrate Judge further observed that "one of the main cases cited by Defendant to support its argument that the covenant 'is not reasonably limited in its operation with respect to place' was decided at the summary judgment stage and still reversed and remanded for further development of the facts in order to clarify application of the law." (Doc. No. 23 at 10 n.1 (citing *Team IA, Inc. v. Lucas*, 717 S.E.2d 103, 108 (S.C. Ct. App. 2011))).

Defendants, restating arguments already presented to the Magistrate Judge, object to the M&R on grounds that "further factual development is not necessary in this case because of the overbreadth of the restrictive language at issue." (Doc. No. 24 at 3). Specifically, Defendants attempt to distinguish cases cited in the M&R by claiming that those decisions concerned narrower covenants than the non-compete covenant at issue in this case. (*Id.*). Plaintiff maintains that the authorities cited by the Magistrate Judge support denying Defendants' motion. Specifically, Plaintiff

6

argues that two of the referenced cases concern covenants that are, in some respects, broader than the covenants at issue in this case: "In *Chapman* and *LPS Services*, the non-competition covenant in each case had no defined geographic term for the non-compete restriction." (Doc. No. 25 at 5 (citing *LPS Services*, 2021 WL 5991057, at *3; *Chapman*, 2015 WL 13158310, at *2)). And in both cases, challenges to the covenants' scope were rejected at the pleadings stage. *LPS Services*, 2021 WL 5991057, at *3–4; *Chapman*, 2015 WL 13158310, at *2. Plaintiff acknowledges that in *Industrial Packaging Supplies*, the court held that its prohibition on contacting customers could qualify as a valid substitute for a geographic limit. (Doc. No. 25 at 5 (citing 2018 WL 10456201, at *9)).

Defendants fail to state a specific objection directing the Court to a specific error in the Magistrate Judge's M&R or otherwise rebut its sound reasoning. The Court agrees with the M&R's conclusion that further factual development is necessary to evaluate Defendant's claims as to the enforceability of the non-compete covenant. As the M&R correctly notes, South Carolina law distinguishes between covenants that arise solely out of an employment relationship as opposed to covenants entered into in connection with the sale of a business. (Doc. No. 23 at 10–11 (citing *Palmetto Mortuary Transp., Inc. v. Knight Sys., Inc.*, 818 S.E.2d 724, 731 (S.C. 2018) (explaining that "a non-compete covenant entered into in conjunction with the sale of a business and its good will is valid if: (1) supported by valuable consideration, (2) reasonably limited as to time, and (3) reasonably restricted as to the place of territory."))). And the M&R points to a number of still-disputed facts

7

likely to affect whether the more relaxed standard for evaluating the non-compete covenant's enforceability should be employed. (Doc. No. 23 at 11–12). The Court agrees that at this early stage, there is not yet a sufficient record to evaluate the enforceability of the non-compete covenant. Therefore, the Court adopts the M&R's recommendation to deny Defendants' Motion to Dismiss as to the breach of the non-compete covenant claim.

### B. Breach of Contract Claim as to the Non-Solicitation Covenant

The Magistrate Judge found that Plaintiff has sufficiently alleged a breach of contract claim of the non-solicitation covenant. (Doc. No. 23 at 13). Despite Plaintiff's detailed factual allegations, Defendants urged dismissal on grounds that the non-solicitation covenant at issue is not narrowly tailored for the reasonable protection of Plaintiff's business interests. (*Id.* at 14). The non-solicitation covenant states:

> [Defendant Tucker] shall not directly or indirectly through another Person, (i) induce or attempt to induce any employee, independent contractor, officer, manager or director of [Plaintiff] or any of its Subsidiaries or any of their respective Affiliates to leave the employ or services of such Person, or in any way interfere with the relationship between [Plaintiff] or any of its Subsidiaries or any of their respective Affiliates and any employee, independent contractor, officer, manager or director thereof, (ii) hire any Person who was an employee, officer, manager or director, or engage any independent contractor, of [Plaintiff] or any of its Subsidiaries or any of their respective Affiliates at any time during the Employment Period or during the twelve (12) month period immediately prior to the date on which such hiring would take place (it being conclusively presumed by the parties so as to avoid any disputes under this Section 7(c) that any such hiring within such twelve (12) month period is in violation of clause (i) above) or (iii) induce or attempt to induce or call on, solicit or service any current or former customer, supplier, licensee, licensor, independent contractor, franchisee, consultant or other business relation of [Plaintiff] or any of

8

> its Subsidiaries or any of their respective Affiliates or in any way interfere with the relationship between any such customer, supplier, licensee, licensor, franchisee, consultant or business relation of [Plaintiff] or any of its Subsidiaries or any of their respective Affiliates.

(*Id.* at 12 (citing Doc. Nos. 1 ¶ 45 & 1-1 at 11 ¶ 7(c))). Specifically, Defendants argued that Defendant Tucker "has no way of even knowing the identify of all of the customers" or "other business relation[s]" of Plaintiff. (Doc. No. 23 at 14 (citing Doc. No. 18 at 14–15)).

For the reasons stated, the Magistrate Judge dismissed Defendants' argument as premature and found that further factual development was needed to evaluate the non-solicitation covenant's enforceability, including whether the covenant is narrowly tailored to protect Plaintiff's business interests. Defendants, asserting that the M&R fails to sufficiently acknowledge arguments already presented, object on grounds that the M&R "skims over Defendants' arguments with respect to the non-solicitation covenant." (Doc. No. 24 at 8). Defendants claim that the M&R "ignore[s] the Defendants' arguments as to the legal insufficiency of Plaintiff's claim of breach of the non-solicitation covenants when Defendants explicitly challenge the non-solicitation covenant 'as written . . . [because it] is without a geographic limitation (or even based upon customers, suppliers, or 'business relations' with which [Defendant Tucker] had contact while employed as a substitute for a geographic limitation) and subsequently is void and unenforceable." (*Id.*). Defendants further claim that the M&R "relies on Plaintiff's assertion that 'the restrictive covenants are enforceable and narrowly drawn in scope as necessary

9

to protect Plaintiff's business interests[,]' a legal conclusion which is not entitled to the presumption of truth at the motion to dismiss stage." (*Id.*). The Court disagrees.

Defendants have failed to state a specific objection directing the Court to a specific error in the M&R or otherwise rebut its sound reasoning. As the M&R points out, Plaintiff has alleged that [Defendant Tucker] "possessed a complete floor to ceiling knowledge of Plaintiff's business [including] the larger distribution channels that HFS had developed throughout the United States for the sales of aluminum fencing." (Doc. No. 23 at 14 (citing Doc. No. 1 ¶ 38)). Plaintiff further alleged that [Defendant Tucker] was one of only a few individuals with access to a database that tracked all client account projects being manufactured and managed from the Fort Mill facility. (Doc. No. 23 at 14 (citing Doc. No. 1 at ¶ 35)). The Court, therefore, agrees with the M&R's conclusion that the non-solicitation covenant's enforceability in this case rests on factual questions not yet determined, including whether the covenant is narrowly tailored to protect Plaintiff's business interest. Accordingly, the Court adopts the M&R's recommendation to deny Defendants' Motion to Dismiss as to the breach of the non-solicitation covenant claim.

### C. Tortious Interference with Contract Claim

The Magistrate Judge found that Plaintiff's lack of pleading the fourth element of its tortious interference with contract claim requires dismissal of the claim under North Carolina law. (Doc. No. 23 at 16). Defendants argued that no valid contract exists between Plaintiff and Defendant Tucker, and thus, no tortious interference claim can be brought against Defendant Southern Fence. The

10

Magistrate Judge dismissed Defendants' argument and concluded that Plaintiff has sufficiently alleged breaches of the restrictive covenants at issue and thus, also has sufficiently alleged the existence of a valid contract. (*Id.*). Defendants, restating arguments already presented to the Magistrate Judge, now object on grounds that "the contract which was allegedly interfered with is unenforceable as a matter of law" and that the claim "should be dismissed with prejudice." (Doc. No. 24 at 2).

Defendants have failed to state a specific objection directing the Court to a specific error in the Magistrate Judge's M&R or otherwise rebut its sound reasoning. The Court agrees with the M&R's conclusion that Plaintiff has sufficiently alleged breaches of the restrictive covenants at issue and in turn, has sufficiently alleged the existence of a valid contract. Thus, the Court adopts the M&R's recommendation to dismiss Plaintiff's tortious interference with contract claim without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 23), is **ADOPTED**;
2. Defendants' Motion to Dismiss, (Doc. No. 17) is **GRANTED IN PART** and **DENIED IN PART**;
3. Specifically, Defendants' Motion to Dismiss is **GRANTED** as to the Tortious Interference Claim, and such claim is **DISMISSED WITHOUT PREJUDICE** and **DENIED** as to the Breach of the Non-Competition Covenant and the Non-Solicitation Covenant claims.

11

Signed: September 11, 2024

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge