# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### Civil Action No. 3:23-cv-00280-RJC-SCR

**EASTERN WHOLESALE FENCE LLC,**

    **Plaintiff,**

**v.**

**ADAM TUCKER and SOUTHERN FENCE AND GATE, Inc.**

    **Defendant.**

## STIPULATED PROTECTIVE ORDER ON CONFIDENTIALITY

This matter comes before the Court upon the stipulation of the parties, as endorsed below. The Court finds that good cause supports entry of this Order and that justice so requires. Now, therefore, IT IS ORDERED:

1. **Scope of Order:** Pursuant to Federal Rule of Civil Procedure 26(c), the documents, testimony, or other information, including the substance and content thereof, produced or otherwise disclosed by any party or non-party during discovery in this litigation ("Discovery Materials") shall be subject to the terms and provisions of this Order.

2. **Limitations on Use:** Any party or person receiving Discovery Material produced in this action shall use such information solely for purposes of participation in this Action in compliance with this Protective Order and for no other purpose. It may be appropriate in some instances to use discovery materials in this case in related proceedings, and the parties are permitted to do so with respect to Discovery Materials if they agree in advance on the specific Discovery Materials that may be used and the related case(s) in which such Discovery Materials may be used. In the event the parties are unable to so agree, the party desiring to use Discovery

Materials in related cases may request modification of this provision from the Court as may be warranted by the public interest or judicial economy.

3. **Confidential Material:** "Confidential Material" means and includes any documents being produced, interrogatory answers, responses to requests for admissions and/or transcripts of testimony that are marked by stamping the cover or first page of each such document – or, if the documents are produced in electronic form, by stamping the electronic storage device itself or providing a communication contemporaneous with the production of such document that reasonably identifies the electronically produced material – with the word "Confidential" or words "Confidential - Attorneys' Eyes Only." Confidential Material may include a duly marked transcript or other record (including videotape) of a deposition or portion of a deposition. Information designated as Confidential Material shall be used solely for the purposes of this litigation and shall not be made public by any receiving party or otherwise used, disclosed, or disseminated beyond the extent allowed herein.

If any party produces a document that should have been designated as Confidential Material but was not designated as such, that party may subsequently designate the document as Confidential Material by notifying all parties in writing within thirty (30) days after discovery of its failure to designate and by providing copies of such document bearing a Confidential designation. Upon the designation of any material as Confidential or Confidential - Attorneys' Eyes Only," all originals, copies, reproductions, and duplications of such material shall be subject to the provisions of this Order.

4. **Confidential:** Information will be designated as "Confidential" when a party, in good faith, believes that the information and/or document being produced contains a trade secret; proprietary information or other confidential research and analysis; development, technical,

personnel, financial, or commercial information; sensitive personal information about a party, its employees, its clients, or third parties; internal communications regarding Confidential Material; or other information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

5. **Confidential - Attorneys' Eyes Only:** Information will be designated as "Confidential - Attorneys' Eyes Only" when a party, in good faith, believes that the information and/or documents being produced will reveal a party or third party's proprietary, confidential and/or highly sensitive information that could cause material injury to the business, commercial, competitive, or financial interests of such producing party if disclosed to existing or potential business competitors, suppliers, or customers.

6. **Exclusions:** Any document and/or any information contained in any document shall not be regarded as "Confidential" or "Confidential - Attorneys' Eyes Only" if:

   a. it was properly and lawfully obtained, publicly available and/or in the public domain at the time of disclosure;

   b. it becomes publicly available and/or part of the public domain through no fault of a receiving party; or

   c. it was in the possession of or already known to the receiving party at or before the time of disclosure as a result of proper means.

7. **Disclosure:** Documents designated as "Confidential - Attorneys' Eyes Only" shall not be disclosed or made available to any person except for Qualified Persons, as defined below, except that such materials shall not be provided to any party or their representatives or agents under the paragraph 8(a) definition of Qualified Persons.

8. **Qualified Persons:** Documents designated as "Confidential" shall not be disclosed

or made available to persons other than "Qualified Persons." As used herein, "Qualified Persons" means:

   a. Up to four directors, officers, employees or agents of each party to this litigation, in addition to the individuals set forth in paragraphs 8(b) through (d);

   b. counsel for any party and attorneys, paralegals, and secretarial, clerical, and other support personnel employed by said counsel's firm when operating under said counsel's supervision and control;

   c. Any expert, consultant, or investigator, or any employee of such expert, consultant, or investigator, who is not employed by or otherwise affiliated with any Party (or any parent, subsidiary, or affiliate of a Party) or any Party's competitor and who since the initiation of this litigation has not played any role in any Party's efforts to obtain, retain, or communicate with potential customers in the fencing or fencing supplies manufacturing or distribution industry. Any such expert, consultant, or investigator must have been expressly retained by counsel for a party for the purposes of consulting or testifying in this Action, and any person on their staff assigned to do work in connection with this Action must first be advised of the terms of this Confidentiality Agreement, agree to abide by its terms, and sign the acknowledgement attached as Exhibit "A";

   d. personnel, contractors, or vendors providing graphics, design, photocopy, document imaging, document processing, translation, litigation support, and/or database services to the parties or the parties' counsel;

  e. judges and court personnel of the United States District Court for the Western District of North Carolina; certified court reporters, stenographic reporters, and video technicians; and

  f. mediators engaged by the parties or the Court to assist in this litigation.

  9. **Subpoenaed Documents:** Copies of documents or other materials received from third parties pursuant to subpoenas ("Third-Party Documents") shall, within five (5) business days of the receipt of the Third-Party Documents, be furnished by receiving counsel to opposing counsel at opposing counsel's (or his/her client's) expense. Opposing counsel and/or his/her client shall, within ten (10) business days of the Third-Party Documents being received, advise counsel, in writing, if any of the Third-Party Documents are to be designated "Confidential" or "Confidential - Attorneys' Eyes Only" under this Confidentiality Agreement. Third-Party Documents shall not be provided to any persons other than those designated by paragraph 7 of this Order until either (a) such counsel is advised by opposing counsel, pursuant to this paragraph, if any of the Third-Party Documents are to receive a specific designation under this Order or (b) ten (10) business days from the date the Third-Party Documents are received by opposing counsel, whichever occurs first.

  10. **Objection:** If at any time a party objects to a designation of information as "Confidential" information or "Confidential - Attorneys' Eyes Only" information as provided in paragraphs 4 or 5 of this Order, the objecting party shall notify the producing party in writing. The notice shall identify the information in question by Bates number(s) and shall specify in reasonable detail the reason or reasons for the objection. Within 14 days of the receipt of such notice, the producing party shall either withdraw the designation or specify in reasonable detail the reasons why the information is entitled to the designated status. If the producing party does not withdraw

the designation within 14 days, the objecting party may apply to this Court for a ruling on the continued status of the information. The status of the information as Confidential information or Confidential - Attorneys' Eyes Only information shall be maintained until the Court's final ruling on the application.

11. **<u>Disclosure to Non-Qualified Persons:</u>** If counsel for plaintiff or defendant should conclude that for the purpose of this litigation either side needs to disclose any Confidential Material to any person not described in paragraphs 7 and 8 above, such counsel must request permission from opposing counsel in writing. If permission is granted, the party intending to so provide the Confidential Material shall provide written confirmation to opposing counsel that the person to receive it is made aware of the provisions of this Order and has executed the acknowledgment attached as Exhibit A. If permission is denied, the parties shall promptly meet and confer in an attempt to resolve their dispute before presenting it to the Court by motion or otherwise.

12. **<u>Filing of Confidential Information:</u>** Prior to the filing of any Confidential Information, the party seeking to file such information shall seek consent of the other party to lift any applicable confidentiality designation in order to avoid the need for filing under seal. In the event that any deposition testimony, deposition exhibit, discovery pleading, answer or response to discovery pleading (including exhibits and/or attachments), motion, memorandum of law, affidavit, brief, or any other submission by any party is filed with the Court and includes, incorporates, or quotes Confidential information or Confidential - Attorneys' Eyes Only information, such filings shall be submitted to the Court for filing under seal in accordance with the procedure set forth in the rules governing this action, including Local Civil Rule 6.1. If the Court grants the motion to seal, the Clerk's Office shall maintain the matter under seal as specified

in the Court order. If the motion is denied, the parties shall cooperate in the filing of an amended document that omits, where feasible, information designated as Confidential or Confidential - Attorneys' Eyes Only, including seeking leave of the Court for an extension of filing deadlines where warranted.

13. **Agreement to Comply with Order and Be Subject to Court's Jurisdiction for Purposes of Enforcement:** The parties agree that execution of this Stipulated Protective Order by counsel shall constitute the agreement of both counsel and the parties to its terms. Any person(s) to whom disclosure of Confidential information or Confidential - Attorneys' Eyes Only information is made, pursuant to and with notice of this Order, agrees to submit to this Court's jurisdiction for contempt, or any other appropriate proceedings, in the event of any alleged violation of this Order. All persons receiving Confidential information or Confidential - Attorneys' Eyes Only information, pursuant to and with notice of this Order, are hereby prohibited from disclosing it to any other person except in conformance with this Order.

14. **No Waiver:** Nothing in this Order shall be deemed a waiver of the producing party's right to:

   a. oppose discovery on any grounds other than confidentiality, or

   b. object on any ground to the admission in evidence, at any trial, hearing, or public proceeding in this litigation, of any document or information produced or disclosed pursuant to this Order.

15. **Disclosure:** Pursuant to Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B), the disclosure of Confidential Material, by any party shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject

matter. The disclosure of information or material protected by the attorney-client privilege or under the work product doctrine ("Protected Information") by any party shall not be deemed a waiver or forfeiture in whole or in part of such protection – in this or any other federal or state action – and the disclosing party may request that the material be returned by the receiving party.

   a. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party in writing that such materials have been produced. Furthermore, upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the receiving party will within ten (10) business days certify in writing, including specific Bates number(s), that it has returned or destroyed the applicable document(s) and/or ESI, and all copies of such, including within any database or review platform. Should the receiving party contest the producing party's assertion of privilege or protection, it will notify the producing party within five (5) days of its objection and maintain the contested documents and ESI in confidence pending resolution of the contest by the parties or the Court.

   b. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the disclosing party uses or indicates that it may use information produced under this order to support a claim or defense.

   c. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected

information before production. Further, nothing contained herein is intended to reduce the time frame provided to the disclosing party to complete their review should they choose to do so.

d. Nothing contained herein is intended to limit a party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

e. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

16. **Disclosure of Confidential Material:** If a receiving party becomes aware that it has disclosed Confidential Material to any person or in any circumstance not authorized by this Order, such party shall immediately: (a) notify in writing, including specific Bates number(s), the designating party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the Confidential Material; (c) provide a copy of this Order to the recipient(s) of the unauthorized disclosure; and (d) use its best efforts to obtain agreement from the recipient that s/he is bound by the Order.

17. **Privilege Log:** A producing party that withholds documents on the grounds of attorney-client privilege and/or work product protection shall provide a privilege log with the following fields: Date, Author/From, To, Cc, Bcc, File Type, Filename/Email Subject and the privilege or protection being asserted. The privilege log will be produced within thirty (30) days of the final document production.

a. Redacted documents need not be logged as long as, where applicable, the bibliographic information is apparent on the face of the document.

b. Fully withheld email threads need only be logged as a single metadata log entry.

   c. Attorney-client privileged or work product communications that post-date the filing of the Complaint need not be logged.

18. **Use at Deposition and/or Trial:** This Order shall not preclude counsel for any party from using any information or documents which qualify as Confidential Material under the terms herein in the course of any deposition in this litigation or at trial of this matter.

19. **Non-Parties:** This Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents or otherwise, in this lawsuit, unless the nonparty waives the protection of this Order. This Order shall also apply to non-parties who are afforded access to documents or information produced hereof during discovery in this lawsuit, whether by deposition, production of documents, or otherwise.

20. **Termination of Litigation:** Within thirty (30) days after the final termination of this litigation, whether by trial, appeal, settlement, or other disposition, all Confidential Material subject to this Order, except to the extent that the parties agree otherwise, shall be, at the sole discretion of the receiving party: (a) returned to the designating party; or (b) maintained in the receiving party's files as confidential in accordance with the terms of this Order; or (c) destroyed, provided that if a receiving party does so destroy such Confidential Material, it will certify in writing to the designating party, if requested by the designating party, that such Confidential Material has been destroyed or that reasonable efforts have been made to destroy such materials. Nothing in this paragraph shall require a receiving party (or its counsel) to return, remove or delete or attempt to return, remove or delete information or documents in electronic form contained, embedded, archived or located on email servers, back-up tapes or other forms of electronic media or hardware or software used for electronic media.

21. **Survival of Order:** This Order and the agreements embodied herein shall survive the termination of this action whether by dismissal, final judgment, completion of appeal, settlement or otherwise. After the conclusion of all proceedings herein, the Order shall remain in full force and effect, and the Court shall retain jurisdiction to enforce its terms and to insure compliance.

**SO ORDERED.**　　　　Signed: October 30, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **EASTERN WHOLESALE FENCE LLC,**<br><br>　　Plaintiff,<br><br>v.<br><br>**ADAM TUCKER and SOUTHERN FENCE AND GATE, Inc.**<br><br>　　Defendant. | **Civil Action No. 3:23-cv-00280-RJC-SCR** |

## ACKNOWLEDGEMENT OF RECEIPT OF CONFIDENTIALITY AGREEMENT AND AGREEMENT TO BE BOUND THEREBY

I acknowledge receipt of a copy of the Confidentiality Agreement between the parties to this litigation and I agree to be bound by its terms with respect to any Confidential Material, as defined therein, provided to me pursuant to same. I acknowledge that I have read the Confidentiality Agreement and understand its terms and consent to the personal jurisdiction of the United States District Court for the Western District of North Carolina, solely with regard to any matter specifically related to or arising out my receipt and review and/or use of Confidential Material provided to me pursuant to the Confidentiality Agreement.

_____　　　　　　_____
Date　　　　　　　　　　　　　　　　　　Print Name


　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Signature